IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CHARLES E. MCGEE, #N87707,      )
                                )
      Plaintiff,               )
                                )
v.                              )     No.  10-3152
                                )
STIRLING O. EDWARDS, DAVID      )
CARLOCK, and JOHN FELD,         )
                                )
      Defendants.              )

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on Plaintiff's Motion for Leave to File Motions Instanter (d/e 63). Plaintiff seeks leave to file five separate documents, which Plaintiff nonetheless filed. See d/e 61, 62, 64, 65, 66.

First, Plaintiff seeks leave to file a reply (filed as d/e 64) in support of Plaintiff's Motion to Compel Defendants to Answer Admissions (d/e 54). However, this Court granted Plaintiff's Motion to Compel (d/e 54) on April 11, 2012 and directed Defendants to respond to the First Set of Admissions on or before April 24, 2012. Moreover, replies are generally not permitted. See CDIL-LR 7.1(B)(3). Therefore, this Court denies

Plaintiff leave to file the reply (d/e 64) and the reply is stricken.

Second, Plaintiff seeks leave to file a response (d/e 65) to Defendants' Motion to Compel (d/e 59), which sought to compel Plaintiff to answer Defendant Edwards' First Set of Interrogatories. This Court granted Defendants' Motion to Compel on April 24, 2012 after Plaintiff failed to respond and directed Plaintiff to serve his response to the discovery on or before May 14, 2012.

In the proposed response (d/e 65) to the Motion to Compel, Plaintiff asserts that he did not respond to the Interrogatories because the Interrogatories were directed to "Abel Lucio, #15681." Plaintiff asks that the Court either deny the Motion to Compel or order Defendant Edwards to rewrite the Interrogatories to include the correct name.

This Court grants Plaintiff leave to file the untimely response to Defendants' Motion to Compel (d/e 65). However, Defendants' Motion to Compel remains granted. The Interrogatories were correctly captioned. The reference to another inmate in the body of the Interrogatories was clearly a typographical error. Plaintiff is directed to

respond to Defendant Edwards' First Interrogatories to Plaintiff on or before June 4, 2012.

Third, Plaintiff seeks leave to file a response (d/e 66) to Defendant's Motion to Compel (d/e 59), which sought to compel Plaintiff to respond to Defendants' First Request for Production of Documents.  (This Court granted the Motion to Compel on April 24, 2012.)  In the response, Plaintiff asserts that he did respond to Defendants' Request for Documents on February 12, 2012.  Plaintiff also asserts that if defense counsel "insist[s] that she never received the documents[,] Plaintiff will prepare duplicates and forward it to the Defendants."

This Court will grant Plaintiff leave to file the response (d/e 66). However, the Motion to Compel remains granted.  Defense counsel shall advise Plaintiff whether duplicates are needed.

Fourth, Plaintiff seeks leave to file a response (d/e 62) to Defendants' Motion for Extension of Time (d/e 60) seeking an extension of the deadline to file dispositive motions.  In the response, Plaintiff

asserts he has no objection to the extension of time. This Court granted Defendants' Motion for Extension of Time on April 11, 2012 and, on April 24, 2012, set the deadline for June 4, 2012. Therefore, although unnecessary, this Court will grant Plaintiff leave to file the response (d/e 62).

Fifth, Plaintiff seeks leave to file a Motion for Final Extension of Time (d/e 61), which he filed on April 27, 2012. Defendants have not filed a response. Plaintiff asks for an extension of the discovery date until June 21, 2012. Plaintiff asserts that an extension of time is necessary because of the outstanding issues relating to the motions to compel. Plaintiff also asserts that Defendant Feld was served later than the other two defendants and "therefore he made a late appearance in this matter which has stalled Discovery Procedure."

The Motion for Extension of Time is GRANTED IN PART and DENIED IN PART. The parties shall have until June 4, 2012 to complete the discovery already served in this matter. Plaintiff has not indicated what additional discovery he may need to serve on the

Defendants.  Therefore, no new discovery requests may be served by either party without first seeking an extension of the discovery deadline and dispositive motion deadline.  The dispositive motion deadline in this case is currently set for June 4, 2012.  Because this Court is extending the deadline to complete outstanding discovery to June 4, 2012, the dispositive motion deadline is now extended to June 18, 2012.

ENTER: May 17, 2012

FOR THE COURT:

                                                              s/Sue E. Myerscough
                                                        SUE E. MYERSCOUGH
                                     UNITED STATES DISTRICT JUDGE