IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLES E. MCGEE, #N87707, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  10-3152 |
| | ) | |
| STIRLING O. EDWARDS, DAVID CARLOCK, and JOHN FELD, | ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION
====

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on Plaintiff's Sixth Motion to Compel (d/e 68).  On June 18, 2012, the Court held a hearing on the Motion, at which time Plaintiff raised a number of additional issues. Plaintiff was present via video conference and Defendants' attorney, Erin O'Boyle, was present via telephone.  The Court, having ruled at the hearing, sets forth that ruling herein.

I.    Sixth Motion to Compel (d/e 68)

Plaintiff filed a Sixth Motion to Compel seeking to compel Defendants to answer discovery asking whether any of the Defendants

have ever been accused of any misconduct during their employment with the Illinois Department of Corrections and if so, provide when, with whom, and the "conclusion of the allegation." See Defendant Edwards' Answers to Plaintiff's Fourth Set of Interrogatories attached to the Motion to Compel (d/e 68) and setting forth the interrogatories propounded by Plaintiff. Plaintiff also asserts that in the Fourth Set of Interrogatories, he asked Defendants to state whether they had ever been accused of assaulting an inmate and, if so, state when, against what inmate, and whether the allegations were brought via a court action.

Defendants objected to Plaintiff's motion. See d/e 70. Defendants asserted that the request is irrelevant and unlikely to lead to the discovery of admissible, relevant evidence. Defendants further asserted that the information sought is confidential and its release may compromise the safety and security of the facilities. Defendants stated that "[i]t is a security concern for inmates to have the disciplinary records of the personnel meant to maintain the stability of the facility."

On May 17, 2012, this Court directed Defendants to submit to the

Court, under seal, any of Defendants' personnel records relating to discipline imposed for the use of force or restraint. Defendants complied with the order and, on June 7, 2012, this Court set the matter for hearing on any objections to the production of any specific documents.

At the hearing, Defendants continued to object to the production of the documents, noting that the documents were confidential under Illinois law and that inmates are prohibited from possessing such documents.

The Sixth Motion to Compel is granted in part. Plaintiff shall have access to the documents at trial. The Court also summarized the documents for Plaintiff at the hearing as follows:

    A.    Re: Carlock. April 26, 2012 memorandum: Management agreed to reduce the discipline for Carlock to an oral reprimand re: Grievance No. 519326

    B.    Re: Carlock: Grievance No. 519326: AFSCME/State of Illinois Contract Grievance. Requested rescission of discipline and expungement of written reprimand.

    C.    Re Carlock: March 21, 2010 Memorandum: Employee Review Board report.

        The report noted that the investigator concluded that all three

staff failed to report the use of force against Inmate McGee and referred all three for discipline.

Notes that Carlock was charged with (1) failing to report; (2) failing to comply with Department Rules, written procedures, bulletins, or verbal orders.  Concluded that Carlock did report, although probably not in the complete manner the investigator felt appropriate.  Carlock did not use any force against Plaintiff, as Plaintiff admitted.  Carlock should have reported Edwards' physical handling of Plaintiff.  There was no support for the claim that Carlock failed to report the incident to the supervisor because the supervisor was present.

D.  Re: Edwards.  January 28, 2011 Memorandum: Employee Review Board Referral.  Describes the incident.  References what the video camera showed: Edwards using physical force while removing Plaintiff from the wing and showed Edwards escorting Plaintiff to the segregation unit with one of his arms around Plaintiff's neck and the other holding Plaintiff's arm while Feld walked along side Edwards.

Concluded that Edwards failed to document that physical force was used and did not comply with Departmental written procedures.  Found Edwards knowingly and willfully failed to properly report and properly document the use of force during the incident in the housing unit and again during the escort to the segregation unit.  A ten-day suspension was recommended but disapproved by the Warden, who imposed a written reprimand.

Counsel for Defendants is directed to determine whether any disciplinary records exist regarding Defendant Feld, particularly in light

of the statements in the records produced under seal that "the responding supervisor simply did not take control of the situation" and that staff had "low confidence in Sgt. Feld's ability to make decisions."

II. Plaintiff's Motion for Order (d/e 67)

At the hearing, Plaintiff indicated he contacted the Warden as directed by this Court in the text order of June 12, 2012. This Court will enter a text order asking that the Warden respond to Plaintiff's request within 14 days of today. Attorney O'Boyle, indicated she would deliver that text order to the Warden (who she does not represent and who is not a party to this action).

III. Plaintiff's Second Set of Admissions to Defendants

At the hearing, Plaintiff noted that an issue remained regarding his Second Set of Admissions to Defendants, served May 4, 2012. Defendants filed an objection (d/e 71) to Plaintiff's Second Set of Admissions to Defendant on May 15, 2012. Plaintiff stated at the hearing that he did not receive the objection.

Defendants' objections are overruled. Defendants are directed to

answer the Second Set of Admissions to Defendants within 14 days.

IV.   Defendants' Motion to Compel (d/e 65)

Plaintiff also raised issues relating to Defendants' Motion to Compel (d/e 65) which sought to compel Plaintiff to respond to Defendant Edwards' First Set of Interrogatories.  Although the Court granted the Motion to Compel on May 17, 2012 and directed Plaintiff to answer those interrogatories by June 4, 2012, it appears Plaintiff has not been receiving all of the filings.  Therefore, Plaintiff is directed to respond to Defendant Edwards' First Set of Interrogatories as if they were directed to him within 30 days.  The Clerk is also directed to send Plaintiff another copy of the Court's May 17, 2012 Opinion (d/e 72).

V.   Deadlines

The discovery deadline is extended to July 30, 2012 solely for purposes of answering Defendant Edwards' First Set of Interrogatories and for purpose of communicating with Plaintiff's seven witnesses.  The dispositive motion deadline is extended to August 13, 2012.  The Proposed Pretrial Order deadline (November 8, 2012), Final Pretrial

Conference date (November 26, 2012) and the Jury Trial date (December 4, 2012) remain the same.

VI.  Admonishment

The Court discloses that, after Attorney O'Boyle was disconnected by the Clerk, the Court admonished Plaintiff for his disrespectful attitude toward Attorney O'Boyle.  Plaintiff apologized for his behavior.

VII.  Conclusion

For the reasons stated, the Sixth Motion to Compel (d/e 68) is GRANTED IN PART.  Counsel for Defendants is directed to determine whether any disciplinary records exist regarding Defendant Feld. Defendants are DIRECTED to answer the Second Set of Admissions to Defendants within 14 days.  Plaintiff is DIRECTED to respond to Defendant Edwards' First Set of Interrogatories within 30 days.  The Clerk is DIRECTED to send Plaintiff another copy of the Court's May 17, 2012 Opinion (d/e 72).  In addition, the discovery deadline is extended to July 30, 2012 solely for purposes of answering Defendant Edwards' First Set of Interrogatories and for purpose of communicating

with Plaintiff's seven witnesses.  The dispositive motion deadline is extended to August 13, 2012.

ENTER: June 19, 2012

FOR THE COURT:

                                         s/Sue E. Myerscough
                                      SUE E. MYERSCOUGH
                     UNITED STATES DISTRICT JUDGE